YATES, Presiding Judge.
Tom Noble sued Bobby Baker in the District Court of Macon County on April 25, 2002, seeking to recover $3,000 and alleging that “[Baker] assumed indebtedness owed to [Noble] and paid debt of $3,000 with a check ... [t]hen stopped payment on the check.” On May 2, 2002, the case was transferred to the District Court of Tallapoosa County. Following a hearing, the district court, on November 22, 2002, entered an order in favor of Baker. Noble appealed to the Circuit Court of Tallapoosa County for a trial de novo.
On February 28, 2003, Noble moved the court for a summary judgment, arguing that Baker had assumed an antecedent debt owed to Noble; that Baker had issued a check payable to Noble for $3,000; that the check had been transferred to Noble and issued for value; that there was consideration for the issuance and transfer of the check; that Baker had “stopped payment” on the check; and that Noble is entitled, as a matter of law, to receive payment for the check from Baker.
On June 17, 2003, Baker responded to Noble’s motion, arguing that the check may have been issued for value but that it was without consideration, and, therefore, he argued, the check was unenforceable. Baker also argued that the underlying debt was extinguished by discharge in bankruptcy. The trial court, on September 9, 2003, entered an order denying Noble’s motion for a summary judgment.
On September 22, 2003, Baker moved the court to enter a final judgment in his favor. He contended that there were no disputed facts and that the only disputed *938 issue was a question of law, which, he argued, the trial court had previously determined in denying Noble’s motion for a summary judgment. Baker stated that during the oral argument on Noble’s motion for a summary judgment the parties had stipulated that there were no disputed facts in the case and that the trial court’s determination of the legal issue presented would be dispositive of the case. On October 3, 2003, Noble filed a motion in opposition to Baker’s motion for the entry of a final judgment. Noble also moved the court to “reconsider” its order denying his motion for a summary judgment. The trial court, on October 7, 2003, entered a judgment in favor of Baker on his motion for the entry of a final judgment in the case. Although the court did not refer to Noble’s motion to “reconsider,” it can be inferred from the trial court’s entry of a final judgment in favor of Baker that Noble’s motion was denied. Noble appeals.[1]
“When a case presents no factual disputes and the only issues on appeal deal with the application of the law to undisputed facts, the trial court’s, judgment receives no presumption of correctness and the review is de novo.” State v. Tenaska Alabama Partners, L.P., 847 So.2d 962, 966 (Ala.Civ.App.2002).
Noble loaned $3,000 to Michael Baker and Amy Baker in July 2001. Michael and Amy were married, and Amy is Noble’s daughter. Michael is the defendant Baker’s son. Noble informed Michael that he would not charge any interest on the loan and that Michael could repay the loan in December 2001. In December 2001, Michael asked Noble if he could repay the loan in January 2002 after he received his income-tax refund. Noble extended the term of the loan and agreed to allow Michael to repay the loan in January 2002.
On January 30, 2002, Michael and Amy petitioned the United States Bankruptcy Court for the Middle District of Alabama for Chapter 7 bankruptcy. While the bankruptcy petition was pending, Baker became aware of the debt owed by Michael and Amy to Noble and informed Michael that he would pay the debt owed to Noble. On February 16, 2002, Baker drafted a check for $3,000 payable to Noble. The check was drawn on Baker’s account at Colonial Bank and indicated on the memorandum line that it was “[f]or repayment of loan for Michael & Amy Baker.” Baker stated that at the time he wrote the check he had not spoken with Noble about the matter and that he was given no consideration by Noble in exchange for issuing the check to Noble. He further stated that at the time he drafted the check it was his intention to pay the debt owed by Michael arid Amy to Noble and that he expected Michael to deliver the check to Noble.
Michael informed Noble on February 16, 2002, that Baker was going to pay the debt owed to him. Michael delivered the check to Noble’s mother’s home where Noble retrieved the check on February 19, 2002. On April 1, 2002, Noble deposited the check into his checking account at the Alabama Exchange Bank. Baker had requested a “stop payment” order on the check; the “stop payment” order was issued on April 3, 2002. Subsequently, Noble was informed by his bank that a “stop payment” order had been issued on the check.
Noble learned of the pending bankruptcy in mid-April 2002. On May 6, 2002, Michael and Amy sought to amend their bankruptcy petition in order to include Noble as á creditor. The amendment was not successfully completed because Michael and Amy supplied an incomplete address for Noble. The bankruptcy court *939 entered an order on May 20, 2002, discharging Michael and Amy from bankruptcy. Noble stated that he did not file in the bankruptcy proceeding a proof of claim of the debt owed by Michael and Amy because Baker had assumed their debt to him and had issued him a check in order to satisfy that debt.
Noble argues on appeal that pursuant to § 7-3-303, Ala.Code 1975, a part of Alabama’s version of the Uniform Commercial Code, an instrument issued for value is also issued for consideration and that, therefore, the lack of consideration is not a defense available to Baker and Baker is therefore required to honor the check. Although Baker has failed to file a brief on appeal, he contended in the trial court that there is a narrow but clear distinction between value and consideration, and that while the check may have been issued for value, it was not issued for consideration. He contended that § 7-3-303, Ala.Code 1975, defined consideration as “any consideration sufficient to support a simple contract.” Baker argued that Noble did not give him anything of value in exchange for the check, did not promise to perform any obligation in exchange for the check, and did not promise to refrain from any action in exchange for the cheek. Baker contended that because the cheek was issued without consideration he has a defense to the obligation to pay the check and that his payment of the check was unenforceable.
Section 7-3-303, Ala.Code 1975, provides, in pertinent part:
“(a) An instrument is issued or transferred for value if:
[[Image here]]
“(3) The instrument is issued or transferred as payment of, or as security for, an antecedent claim against any person, whether or not the claim is due;
[[Image here]]
“(b) ‘Consideration’ means any consideration sufficient to support a simple contract. The drawer or maker of an instrument has a defense if the instrument is issued without consideration. If an instrument is issued for a promise of performance, the issuer has a defense to the extent performance of the promise is due and the promise has not been performed. If an instrument is issued for value as stated in subsection (a), the instrument is also issued for consideration.”
(Emphasis added.) The official comment to § 7-3-303, Ala.Code 1975, states, in pertinent part:
“1. Subsection (a) is a restatement of former Section 3-303 and subsection (b) replaces former Section 3-408. The distinction between value and consideration in Article 3 is a very fine one. Whether an instrument is taken for value is relevant to the issue of whether a holder is a holder in due course. If an instrument is not issued for consideration the issuer has a defense to the obligation to pay the instrument. Consideration is defined in subsection (b) as ‘any consideration sufficient to support a simple contract.’ The definition of value in Section 1-201(44), which doesn’t apply to Article 3, includes ‘any consideration sufficient to support a simple contract.’ Thus, outside Article 3, anything that is consideration is also value. A different rule applies in Article 3. Subsection (b) of Section 3-303 states that if an instrument is issued for value it is also isstied for consideration.”
(Emphasis added.)
In this case, Baker issued the check to Noble as payment of the debt owed by Michael and Amy to Noble. The parties do not dispute that the check was issued for value. Because the check was issued for value, according to the plain language *940 of § 7-3-303, the check was also issued for consideration. Accordingly, we conclude that the lack of consideration was not a defense available to Baker in the action by Noble to enforce the check.
Baker also contended in the trial court that the underlying debt was discharged in bankruptcy on May 20, 2002, and that he cannot be held liable for a debt that no longer exists. Noble argues on appeal that Michael and Amy’s subsequent discharge in bankruptcy did not affect Baker’s obligation to pay the check.
Baker assumed the debt of Michael and Amy to Noble and issued a check in order to satisfy that debt. Noble, as the holder of the check issued by Baker, was entitled to enforce that instrument once it was dishonored. § 7-3-301, Ala.Code 1975. Noble’s action to recover the value of the check was a suit to enforce the instrument issued by Baker and not one to recover the debt owed by Michael and Amy to Noble. Accordingly, any purported discharge of the debt in bankruptcy after the check had been issued and dishonored did not prevent Noble from seeking to enforce the check.
The trial court’s judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
CRAWLEY, THOMPSON, PITTMAN, and MURDOCK, JJ., concur.

. Baker has not favored this court with an appellate brief.